**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MCLAUGHLIN** | : | **Civil Action No.** |
| **127 N Marshall Street** | : | |
| **Shamokin, PA 17872** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **ABM INDUSTRIES, INC.,** | : | |
| **1 Liberty Plaza, 7th Floor** | : | |
| **New York, NY 10006** | : | |
| | : | |
| **WEGMANS DISTRIBUTION CENTER,** | : | |
| **820 Keystone Boulevard** | : | |
| **Pottsville, PA 17901** | : | |
| | : | |
| **6660 4th Section Road** | : | |
| **Brockport, NY 14420** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, William McLaughlin (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against ABM Industries, Inc. (hereinafter "Defendant ABM") and the Wegmans Distribution Center ("hereinafter "Defendant Wegmans"), for violations of the Americans with Disabilities Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant ABM Industries, Inc. (hereinafter "Defendant ABM") is a facility management provider with a location at 1 Liberty Plaza, 7th Floor, New York, NY 10006.

4. Upon information and belief, Defendant Wegmans Distribution Center (hereinafter "Defendant Wegmans") is a grocery store with a location at 820 Keystone Boulevard, Pottsville, PA 17901 and with a corporate headquarters located at 6660 4th Section Road, Brockport, NY 14420.

5. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe

Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendants are located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted his administrative remedies under the Americans with Disabilities Act of 1990, as amended and the Pennsylvania Human Relations Act.

14. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

15. The Complaint was assigned a Charge Number of 530-2019-03175 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 24, 2020. Plaintiff received the notice by

mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

19. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. In or around 1999, Plaintiff's wife was diagnosed with grand mal seizures and Atrial Septal Defect ("ASD").

22. The major life activities affected by grand mal seizures, include, but are not limited to, breathing, concentrating, thinking, working and normal neurological function.

23. The major life activities affected by ASD, include, but are not limited to, breathing concentrating, working and normal cardiovascular function.

24. As a result of Plaintiff's wife's disabilities, she is considered "high risk" for COVID-19.

25. On January 28, 2020, Defendant ABM hired Plaintiff as a Recreational Technician to work out of Defendant Wegmans.

26. Plaintiff was well qualified for this position and performed well.

27. Early on his employment, Plaintiff complained to Charles Chappelle, Supervisor for Defendant ABM, regarding Defendant Wegmans' employees placing glass in the incorrect bins.

28. This was a safety hazard, as Plaintiff and his coworkers had to pick the glass out of bin, which is often broken.

29. However, Mr. Chappelle replied to Plaintiff's complaint, "you don't jump on someone's bed in their house" and instructed him to "not make waves."

30. Mr. Chappelle did not address Plaintiff's complaint.

31. On March 25, 2020, Plaintiff complained to Michael Fink, Senior District Director of Defendant for ABM, during and after a safety meeting that day about glass being placed in the incorrect bins and how this was a safety hazard for Plaintiff and his coworkers.

32. Mr. Fink dismissed Plaintiff's complaint and instructed him not to make waves.

33. On March 28, 2020, Plaintiff watched another employee spit into one of the trash bins that, as per his job duties, Plaintiff would have to later reach in and sort.

34. At this time, it was well known that COVID-19 could be transmitted in this matter.

35. Plaintiff immediately reported this serious safety hazard to Mr. Chappelle and did so because his wife has an underlying health condition that rendered her high-risk for COVID-19.

36. However, Mr. Chappelle refused to address Plaintiff's complaint.

37. Plaintiff then informed him that he was going to go home because he was concerned of COVID-19 infection and transmitting it to his wife, who has the aforementioned underlying health condition that makes her high-risk for COVID-19.

38. Mr. Chappelle told Plaintiff to "do what he had to do."

39. Plaintiff asked Mr. Chappelle to have Mr. Fink call him and then he went home.

40. Plaintiff's request to go home that day, under these circumstances, were due to his wife's disabilities.

41. Respondent was aware that Plaintiff requested to go home due to his wife's disabilities.

42. Mr. Fink did not contact Plaintiff, so Plaintiff reported the incident to him on April 1, 2020.

43. Later that day, Mr. Fink and Damaris Rodriguez, Manager, called Plaintiff.

44. Mr. Fink stated that Plaintiff was not a team player and proceeded to terminate him.

45. Defendant terminated Plaintiff due to his association with his wife who has multiple disabilities.

46. Plaintiff was terminated because he was vocal against what he deemed to be safety issues and unsafe work conditions.  He was especially vocal about these issues out of concern for the safety of his wife, who was known to the Defendant as an individual with a qualifying disability under the ADA and the PHRA.  Defendant terminated him because of his association with his wife.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendants and its agents as being disabled.

49. Plaintiff was qualified to perform the job.

50. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

51. Circumstances indicated that Plaintiff's wife's disabilities were the reason for the adverse employment action.

52. Defendants did not have a legitimate non-discriminatory reason for terminating Plaintiff.

53. Plaintiff's wife's disabilities motivated Defendants' decision to terminate Plaintiff.

54. The purported reason for Defendants' decision is pretextual.

55. Others similarly situated but outside of Plaintiff's wife's protected class were treated more favorably.

56. As a result of Defendants' unlawful associational disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

59. Plaintiff was qualified to perform the job.

60. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

61. Circumstances indicated that Plaintiff's wife's disabilities were the reason for the adverse employment action.

62. Defendants did not have a legitimate non-discriminatory reason for terminating Plaintiff.

63. Plaintiff's wife's disabilities motivated Defendants' decision to terminate Plaintiff.

64. The purported reason for Defendants' decision is pretextual.

65. Others similarly situated but outside of Plaintiff's wife's protected class were treated more favorably.

66. As a result of Defendants' unlawful associational disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

67. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

68. Plaintiff engaged in activity protected by the OSHA when he reported a safety violation.

69. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

70. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, William McLaughlin, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA and the OSHA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: December 22, 2020          **By:** *<u>/s/ David M. Koller</u>*
                                 David M. Koller, Esquire (90119)
                                 2043 Locust Street, Suite 1B
                                 Philadelphia, PA 19103
                                 215-545-8917
                                 davidk@kollerlawfirm.com

                                 *Counsel for Plaintiff*